IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANTIAGO GONZALEZ, individually and on behalf of other employees similarly situated, | :<br>:<br>: |
| Plaintiffs, | : Case No.<br>:<br>: |
| v. | :<br>: |
| J. SALERNO & SON, INC., d/b/a SALERNO'S, and JOSEPH SALERNO, Individually, | :<br>:<br>: |
| Defendants. | :<br>:<br>: |

# COMPLAINT

**NOW COMES** the Plaintiff, Santiago Gonzalez, by and through his attorneys, Joel A. Brodsky and Chris R. Brockman, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act (hereinafter "the FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law (hereinafter "the IMWL), and complains against J. Salerno & Son, Inc., and Joseph Salerno, individually, (collectively "the Defendants") and in support of this Complaint states the following:

## INTRODUCTION

1. This action seeks redress from Defendants' willful violations of the FLSA and the IMWL, in that Defendants failed to pay Plaintiff the full amount of overtime wages for hours worked in excess of forty (40) hours in a week.

2. Further, Defendants willfully and maliciously failed to maintain the time clock used by employees for tracking their time, and intentionally allowed it to reflect that for every

five and a half (5 ½ ) hours worked, the clock would only report the employee worked for five (5) hours.

3. Additionally, Defendants deducted time and money for regular meals eaten while employees were on the job.

4. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff his earned and living wages.

5. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Further, the Defendants' had employees who were engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $ 500,000.

7. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

8. Plaintiff resides in and is domiciled in Cook County, Illinois, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

9. During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. § 201 et seq., and the IMWL, 820 ILCS § 105/1 et seq.

### Defendants

10. Defendant, J. Salerno & Son, Inc. (hereinafter "Salerno's"), is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaging in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Plaintiff and other similarly situated employees of Defendants', handled goods which moved in interstate commerce.

12. Defendant, Salerno's, was Plaintiff's "employer" as the term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

13. Defendant, Joseph Salerno, is the owner of Salerno's and is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts (including payroll accounts), and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant, Joseph Salerno, was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS § 105/3.

15. Defendant, Joseph Salerno, resides and is domiciled in this judicial district.

**FACTS**

16. Plaintiff began working for Defendants in 1989 at their Lombard, Illinois location as a cook's assistant. Plaintiff worked in that position until 1993 when he was promoted to the cook position at Defendants' downtown Chicago location. Here Plaintiff was second in line behind the Defendants' chef. Plaintiff ceased being employed by Defendant on January 30, 2016.

17. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly scheduled Plaintiff to work in excess of forty (40) hours per week in almost every individual work weeks.

18. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to Plaintiff filing this Complaint, Plaintiff did regularly work in excess of forty (40) hours per week in almost every individual work weeks.

19. In the three (3) years prior to Plaintiff filing his Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in practically each and every individual work weeks.

20. During Plaintiff's employment with the Defendants, his rate of pay changed, to wit: From 1989-1991, Plaintiff was paid at a rate of $4.25 per hour. Then in 1993, Plaintiff received an increase to $6.00 per hour. From 1993 to 2005, Plaintiff's hourly income increased by $.25 per year. Then in 2005, Plaintiff's hourly wage was increased to $11.00 per hour. Finally, in October of 2015, Plaintiff's hourly rate was increased to $11.25. Plaintiff was paid on a weekly basis.

21. At all times during Plaintiff's employment with Defendants, when in practically each and every work week Plaintiff was required for work more than forty (40) hours per week,

his paycheck reflected that he worked only forty (40) hours that week, and Defendants would pay Plaintiff cash for the time he worked in excess of forty (40) hours. However, in violation of the FLSA and the IMWL, the amount of cash paid to Defendant was for the regular hourly rate, instead of paying Plaintiff for overtime wages at the rate of one and a half (1 ½) Plaintiffs regular hourly rate of pay for all hours worked in excess of forty (40) hours.

22. The Plaintiff was given a time stamped card by Defendants each week which reflected his overtime hours, and which also evidence the fact that Plaintiff was paid at his regularly hourly rate for the hours he worked in excess of 40 hours each week, rather than at the legally required rate of one and a half (1 ½ ) times the Plaintiffs regularly hourly rate in cash.

23. Because he was paid in cash for his overtime, the Plaintiffs Federal Withholding tax, Social Security Tax, Medicare Tax, and Illinois State Withholding Tax were not withheld by the Defendants, thereby allowing the Defendants to evade paying the Internal Revenue Service (IRS), and the Illinois Department of Revenue (IDR), the employer contribution portion of these taxes.

24. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA, or the IMWL.

25. Defendants failed to pay Plaintiff and the class members a rate not less than one and a half (1 ½) times the regular rate at which they were employed when they worked over forty (40) hours in a given work week.

## **COUNT I: VIOLATION OF THE FLSA**

### **Overtime Wages**

26. Plaintiff re-incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

28. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one half (1 ½) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual work weeks.

29. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours in their individual work weeks violated the FLSA.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

31. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to filing of this lawsuit.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;
B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;
C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;
D. Declare Defendants to be in violation of the FLSA;
E. Enjoin Defendants from violating the FLSA;
F. Award reasonable attorneys' fees and costs; and
G. Grant such other relief as this Honorable Court deems just and equitable.

## COUT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

### Overtime Wages

32. Plaintiff re-incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

33. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

34. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

35. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

38. Pursuant to 820 ILCS § 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

   **WHEREFORE**, Plaintiff respectfully requests that this Court:

   A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;
   B. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 § 105/12(a) and 815 ILCS § 205/2;
   C. Declare that Defendants have violated the IMWL;
   D. Enjoin Defendants from violating the IMWL;
   E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and
   F. Grant such other relief as this Honorable Court deems just and equitable.

Respectfully submitted,

/s/  Joel A. Brodsky
   One of Plaintiffs' Attorneys



Respectfully submitted,

/s/ Chris R. Brockman
   One of Plaintiffs' Attorneys



Joel A. Brodsky
Attorney for Plaintiff
8 S. Michigan Ave.
Suite 3200
Chicago IL 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com



Chris R. Brockman
Attorney at Law
8 S. Michigan Ave.
Ste. 3200
Chicago, IL 60603
Office 1:  (773) 234-4974
Office 2:  (312) 541-7000
chris@chrisbrockmanlaw.com

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By signing below, I represent to this Honorable Court that I have been employed by Salerno's (d/b/a Salerno's Restaurant), its parents, subsidiary, or affiliated companies, within the proper three (3) years, that I have worked for Defendant in excess or forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to applicable federal law and/or have not been paid minimum wages for all time worked pursuant to applicable federal law. I authorize through this Consent the filing and prosecution of this **Fair Labor Standards Act** action in my name and on behalf of all persons similarly situated to myself.

_Santiago Gonzalez_ (signature)
Santiago Gonzalez

02-22-16
Date


PLAINTIFF'S EXHIBIT A