IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANTIAGO GONZALEZ, individually and on behalf of other employees similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 16-cv-5120 |
| v. | ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| J. SALERNO & SON, INC., d/b/a SALERNO'S; JOSEPH SALERNO; MARIA SALERNO; PETER LIA; and VICTORIA LIA, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Santiago Gonzalez ("Plaintiff") has moved to conditionally certify a collective action in this case brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and for authorization to issue notice to the putative members of the conditionally certified collective action. Plaintiff's Motion for Class Certification and Approval of Notice pursuant to 29 U.S.C. § 216(b) ("Plaintiff's Motion"), [ECF No. 36].[1] Defendants J. Salerno & Son, Inc., Joseph Salerno, Maria Salerno, Peter Lia, and Victoria Lia (collectively, "Defendants") oppose the conditional certification of a collective action and some of Plaintiff's proposals regarding the issuance of notice. Defendants' Response to Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b) ("Defendants' Response"), [ECF No.

---

[1] Plaintiff also asserts a claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILL. COMP. STAT. § 105/1 *et seq.*

46]. For the reasons stated below, Plaintiff's Motion [ECF No. 36] is granted in part and denied in part.

## I. BACKGROUND

Plaintiff worked as a cook from 1993 until January 30, 2016, at a restaurant allegedly owned and operated by Defendants. First Amended Complaint, [ECF No. 22], ¶ 25. Plaintiff says Defendants scheduled him to work in excess of 40 hours "in almost every individual work week[]." *Id.* ¶ 26. Plaintiff contends that, consistent with this schedule, he actually worked more than 40 hours "in almost every individual work week[]." *Id.* ¶ 27. According to Plaintiff, "in practically each and every work week . . . his paycheck reflected that he worked only" 40 hours. *Id.* ¶ 30. Plaintiff claims that, instead of including overtime hours on his paycheck, Defendants "would pay him cash for" the overtime that he worked. *Id.*

Plaintiff alleges Defendants violated the FLSA by failing to compensate him "at a rate of at least [1.5] . . . times [his] regular hourly rate of pay for all hours worked in excess of [40] . . . hours in [his] individual work weeks." *Id.* ¶ 37. Plaintiff identifies three specific practices that supposedly led to the underpayment of his overtime wages. *See* Plaintiff's Motion, [ECF No. 36 at 1]. Plaintiff alleges Defendants "failed to maintain the time clock used by employees to track their time, and intentionally allowed it to reflect that for every . . . [5.5] hours worked, the clock would only report the employee worked for . . . [5] hours." First Amended Complaint, [ECF No. 22], ¶ 2. Plaintiff contends Defendants further undercounted the amount of overtime he worked because they "deducted time and money for regular meals eaten while employees were on the job." *Id.* ¶ 3; *see also* Plaintiff's Motion, [ECF No. 36 at 1] (stating Defendants did not give him "time off for lunch and for breaks"). Finally, Plaintiff says Defendants' cash payments for overtime hours were at his regular rate, not 1.5 times his regular rate. First Amended Complaint,

2

[ECF No. 22], ¶ 30.  Plaintiff alleges other employees who worked for Defendants were subject to these same FLSA violations. *Id.* ¶¶ 28, 35-40.

## II. DISCUSSION

This matter is now before the Court on Plaintiff's Motion for Class Certification and Approval of Notice pursuant to 29 U.S.C. § 216(b), [ECF No. 36].  In his motion, Plaintiff asks the Court to conditionally certify a collective action composed of "all employees, past or present, who's (sic) payroll records show that they worked thirty-seven (37) hours in any one (1) week during the three (3) years prior to the filing of this lawsuit" and "anyone who was a cook during the three (3) years prior to the filing of this lawsuit."  Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification and Approval of Notice pursuant to 29 U.S.C. § 216(b) ("Plaintiff's Reply"), [ECF No. 47 at 2].  Plaintiff also asks the Court to authorize the issuance of notice to the putative members of the collective action. *Id.* at 3.

### A. Conditional Certification

"Under Section 216(b) of the FLSA, employees may bring a collective action on behalf of themselves and other 'similarly situated' employees against employers who violate the Act's minimum wage or overtime provisions." *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010).  A collective action proceeds in two steps. *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010).  At step one, the court decides whether to conditionally certify a collective action. *Smith v. Family Video Movie Club, Inc.*, 2015 WL 1542649, at *2 (N.D. Ill. Mar. 31, 2015).  That is the issue now before the Court.  To establish that conditional certification is appropriate, the plaintiff must make "a modest factual showing" that similarly situated employees and he "together were victims of a common policy or plan that violated the law." *Hudgins v. Total Quality Logistics, LLC*, 2016 WL 7426135, at *3 (N.D. Ill.

3

Dec. 23, 2016) (quoting *Terry v. TMX Fin. LLC*, 2014 WL 2066713, at *2 (N.D. Ill. May 19, 2014)). Courts apply the similarly situated requirement "leniently," *Rottman v. Old Second Bancorp, Inc.*, 735 F. Supp. 2d 988, 990 (N.D. Ill. 2010), and "typically" conditionally certify a representative class, *Solsol v. Scrub, Inc.*, 2015 WL 1943888, at *2 (N.D. Ill. Apr. 27, 2015). If the plaintiff carries his burden at step one, then the court "the court will conditionally certify the collective action and authorize the plaintiff to give notice to putative members." *Hudgins*, 2016 WL 7426135, at *3.

In his opening brief in support of conditional certification, Plaintiff did not clearly identify which employees he considered to be similarly situated and, thus, should be included in the collective action. Instead, Plaintiff mostly referred to "similarly situated" employees and asked for permission to send notice "to all current and former laborers and drivers." Plaintiff's Motion, [ECF No. 36 at 2–3, 8]. Defendants pointed out this problem in their response brief. Defendants' Response, [ECF No. 46 at 2–3]. That prompted Plaintiff to remedy his error in his reply brief. In that filing, Plaintiff described two classes of employees who he believes are similarly situated. Plaintiff's Reply, [ECF No. 47 at 2]. The first is "all employees, past or present, [whose] payroll records show that they worked thirty-seven (37) hours in any one (1) week during the three (3) years prior to the filing of this lawsuit." *Id.* The second is "anyone who was a cook during the three (3) years prior to the filing of this lawsuit." *Id.*

Defendants' only argument against conditional certification is that Plaintiff has not made the required modest factual showing that the employees Plaintiff wants included in the collective action are similarly situated. But Defendants' opposition to certification of a collective action in this case is perfunctory, at best. Defendants' arguments against certification take up less than three pages of their response brief, including the case caption and the title of the brief. The rest

4

of the five-page brief addresses Defendants' issues with Plaintiff's proposed notice to Defendants' employees. Defendants' Response, [ECF No. 46].

Defendants do not contend that Plaintiff's characterization of their payroll policies and practices is inaccurate, or that they had different overtime compensation practices and policies for different classes of employees. Instead, Defendants claim Plaintiff has failed to carry his burden in two ways. First, Defendants contend some of their employees—presumably including some of those who are encompassed by Plaintiff's definition of the putative collective action class—have different "job title[s]" and perform different tasks. Defendants' Response, [ECF No. 46 at 3]. Such differences are not sufficient to defeat conditional certification. "[P]laintiffs can be similarly situated for purposes of the FLSA" even when "there are distinctions in their job titles, functions, or pay." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 849 (N.D. Ill. 2008). The determination of whether employees are similarly situated does not focus on their day-to-day work activities. *Smallwood*, 710 F. Supp. 2d at 751. Instead, the inquiry focuses on whether the employees "'together were victims of a common policy or plan that violated the law.'" *Id.* at 752 (quoting *Flores v. Lifeway Foods*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. Oct. 30, 2003)). "[A]rguments about dissimilarities in the class are more appropriate for step two of this process after discovery, rather than at this initial certification stage." *Frebes v. Mask Restaurants, LLC*, 2014 WL 1848461, at *2–3 (N.D. Ill. May 8, 2014). Defendants do not really take issue with Plaintiff's common policy or plan contention.

Second, Defendants take issue with Plaintiff's failure in his initial brief to restrict the collective action to employees who worked similar total hours. Defendants' Response, [ECF No. 46 at 3]. The Court understands this argument to be based on the fact that about half of Defendants' employees were part-time workers who presumably were not eligible for overtime

and, thus, were not subject to the policies and practices that Plaintiff alleges violated the FLSA. *See* Plaintiff's Motion, [ECF No. 36 at 2] ("On information and belief, approximately half of the employees are full time."). Plaintiff's description of the proposed collective action in his reply brief addresses this total hours issue. As stated above, Plaintiff's proposed collective action includes two groups. The first consists of those who worked 37 hours (or more, presumably) in a given week. In light of Plaintiff's theory that Defendants undercounted the number of overtime hours that employees worked, Defendant's objection is not meritorious with respect to this group. The second consists of cooks. Plaintiff represents that "the discovery indicates that persons who have the job title of 'cook'[] were full time employees." Plaintiff's Reply, [ECF No. 47 at 2]. Defendants have not stated otherwise. Thus, the Court is satisfied by Plaintiff's modest showing that the employees encompassed by his proposed collective action definition are similarly situated with respect to hours worked. Again, Defendants' challenge to Plaintiff's contention in this regard is no more than perfunctory.

For all of these reasons, the Court finds Plaintiff has carried his burden at step one of the collective action proceeding. The Court, however, has identified various problems with Plaintiff's proposed definition of the proposed collective action, including that (1) it refers to "employees" and "cooks" without specifying who their employer is; (2) it refers to employees who "worked [37] hours in any [1] week," which would exclude those who worked more than 37 hours; (3) it refers to "[3] years prior to the filing of this lawsuit" without specifying when the lawsuit was filed[2]; and (4) it refers to "anyone who was a cook," which would include employees who worked as a cook for even just one day. To address these and other grammatical issues, the Court will conditionally certify a collective action consisting of: "All current and former employees of J. Salerno & Sons, Inc. d/b/a Salerno's (1) whose payroll records show they

---

[2] Plaintiff filed this lawsuit on May 10, 2016. Complaint, [ECF No. 1].

worked 37 or more hours in any one week since May 10, 2013, or (2) who worked as a cook for any one week since May 10, 2013."

If any party objects to the Court's definition of the collective action, that party shall file a short memorandum on or before June 2, 2017, that (a) describes what aspect(s) of the definition are objectionable; (b) explains the basis for each objection; (c) supports each objection with authority, where appropriate; and (d) proposes an alternative definition that is otherwise consistent with this Memorandum Opinion and Order. If any party files an objection, then the other party may respond on or before June 12, 2017. The objecting party may reply on or before June 19, 2017.

## B. Notice

Plaintiff asks the Court to authorize him to issue notice of this lawsuit to the members of the putative collective action. Plaintiff has a number of specific requests related (sometimes tangentially) to notice. Defendants object to only about half of them. The Court will address each in turn.

### 1. **Class definition.**

Plaintiff requests that the Court allow him to issue notice to those who fall within his proposed definition of the collective action. Plaintiff's Reply, [ECF No. 47 at 3]. Defendants object to the extent Plaintiff's proposed definition includes those who are not similarly situated. Defendants' Response, [ECF No. 46 at 3–4]. The Court has altered Plaintiff's proposed definition slightly, as discussed above, and will authorize notice only to those who are encompassed by the collective action that the Court has conditionally certified.

**2. Opt-in period.**

Plaintiff requests that putative members of the collective action be given 60 days to opt-in to this lawsuit. Plaintiff's Reply, [ECF No. 47 at 3]. Defendants do not address this issue. Therefore, the Court will permit a 60-day notice and opt-in period.

**3. Language.**

Plaintiff requests that notice be issued in both Spanish and English. *Id.* Defendants claim "[n]otice in English and Spanish is objectionable because of the question of compatibility, in content or context, which a [n]otice in Spanish may have after translation from English." Defendants' Response, [ECF No. 46 at 4]. This concern can be addressed easily if Plaintiff provides copies of the relevant forms to Defendants after they have been translated and gives Defendants an opportunity to identify any issues with the translation. Therefore, the Court overrules Defendants' objection to issuing notice in English and Spanish.

**4. Notice and consent forms.**

Plaintiff requests that notice be issued by sending the three forms he attached to his motion. Plaintiff's Motion, [ECF No. 36 at 10–14].[3] Defendants do not address whether they have problems with any of the forms. The Court, however, has identified various errors and orders Plaintiff to address the following issues. On or before June 2, 2017, Plaintiff shall file proposed notice, consent, and contact information forms that address the issues identified by the Court. If Defendants have any issues with Plaintiff's revised forms, they can file an objection by June 12, 2017.

---

[3] The contact information form reads, "This Page Will Not Be Filed With the Court." Plaintiff's Motion, [ECF No. 36 at 14]. Presumably, though, it will be sent to putative collective action members along with the notice and the consent forms.

(a) Notice of Lawsuit

There are two substantive issues with Plaintiff's proposed notice of lawsuit form. First, the notice states, "To participate, you must mail or email the Consent Form by [60 days from mailing]." *Id.* at 11. In the next paragraph, the notice says, "If you have any questions, you may contact" Plaintiff's attorney, and then provides the attorney's mailing address and email address. The Court assumes from the context of what Plaintiff's attorney has said that the consent forms are to be mailed or emailed to him. If that is the case, then it should be clearly stated in the notice, with the appropriate mail and email addresses. Second, the notice does not state that the consent forms will be filed with the Court by Plaintiff's counsel. It should say that Plaintiff's counsel will file the consent forms he receives.

There also are several grammatical and typographical errors that should be corrected.

1) Caption: The same font should be used for all text.

2) Page 1, Paragraph 2: "its employees" should be replaced with "their employees".

3) Page 1, Paragraph 3: The second "you" in "you have been identified you" should be deleted.

4) Page 1, Paragraph 4: "opt in" should be hyphenated.

5) Page 1, Paragraph 4: "retiming" should be replaced with "returning".

6) Page 1, Paragraph 4: "To participate" should be replaced with "To opt-in".

7) Page 1, Paragraph 5: A comma should be added between "Chicago" and "IL".

8) Page 2, Headings 1 and 2: The underlining should not extend beyond the end of the last words in each heading.

9) Page 2, Paragraph 2: "s" in "Plaintiffs" should be deleted.

10) Page 2, Heading 3: "s'" in "Plaintiffs'" should be replaced with "'s".

11) Page 2, Paragraph 4, line 4 and: "attorney fees" should be replaced with "attorneys' fees".

12) Page 2, Paragraph 4, lines 4 and 7: "the" should be added before "Law Offices".

13) Page 2, Paragraph 4, lines 6, 9, and 11: "s" in "Plaintiffs" should be deleted.

14) Page 2, Paragraph 4, line 10: "ATTORNEYS FEES" should be replaced with "ATTORNEYS' FEES".

15) Throughout: Paragraphs consistently should be indented or not indented.

(b) Consent Form

There is one substantive issue with Plaintiff's proposed consent form. The consent form states, "I have had the opportunity to seek counsel of my choice, and voluntarily choose Attorney Joel A. Brodsky, to represent me for all purposes in this action and authorize the named Plaintiffs (sic) and their (sic) Counsel to negotiate the terms of any settlement on my behalf." *Id.* at 13. Plaintiff has not proposed sending an additional consent form without this provision. Although the proposed Notice of Lawsuit makes clear that each collective action member is entitled to choose his or her own counsel, *id.* at 12, the notice only discusses how a member "may participate in this lawsuit . . . by reviewing, completing, and retiming (sic) the enclosed 'Consent Form,' in the enclosed envelope." *Id.* at 11. The notice also states, "To participate, you *must* mail or email the Consent Form by [60 days from mailing]." *Id.* (emphasis added). The notice does not state how a potential collective action member may opt-in to this lawsuit if he or she wants to do so and be represented by an attorney other than Brodsky. Nor does it allow a person to opt-in to the collective action without authorizing Mr. Brodsky to settle the case on their behalf. These deficiencies must be corrected. The Court will not require opt-ins to hire Mr. Brodsky or give him blanket authorization to settle the case on their behalf as a condition of

10

participating in this collective action. The Court leaves it to Plaintiff to propose an adequate solution.

There also are several grammatical and typographical errors that should be corrected.

1) Paragraph 1, line 4: The section symbol should be replaced with a section symbol that is of a normal size and is in line with the text of the sentence.

2) Paragraph 1, line 4: It appears that the last character in "20I" may be a capital "i." If that is so, "I" should be replaced with "1".

3) Paragraph 3: "s" in "Plaintiffs" should be deleted.

4) Paragraph 3: "their counsel" should be replaced with "his counsel".

(c) Contact Information Form

There is one substantive issue with Plaintiff's proposed contact information form. The form states that it will not be filed with the Court. [ECF No. 36 at 14]. But neither the notice of lawsuit form nor the contact information form states who will get the contact information form (and use the information in it) and neither states whether the contact information form must be filled out and returned in order to opt-in to this lawsuit. Plaintiff shall rewrite the notice and/or the contact information form to address this issue.

There also is one other error that should be corrected. Specifically, a question mark should be added after "job(s)".

As stated above, on or before June 2, 2017, Plaintiff shall file the revised proposed notice, consent, and contact information forms that address the issues identified by the Court. If Defendants object to any of Plaintiff's modifications, they can object in writing by June 12, 2017.

11

**5. U.S. mail and e-mail.**

Plaintiff requests that notice be issued by regular U.S. mail and e-mail. Plaintiff's Reply, [ECF No. 47 at 3]. Defendants object to the use of e-mail because of concerns about the security of email. Defendants' Response, [ECF No. 46 at 4]. The Court rejects this argument. "[N]owadays, communication through email is the norm." *Knox v. Jones Grp.*, 2016 WL 4943825, at *7 (S.D. Ind. Sept. 16, 2016), *on reconsideration in part*, 2016 WL 6083526 (S.D. Ind. Oct. 18, 2016) (citation omitted); *see also Pieksma v. Bridgeview Bank Mortg. Co., LLC*, 2016 WL 7409909, at *6 (N.D. Ill. Dec. 22, 2016). Although there is a split among district courts as to "whether e-mail notice is appropriate in the FLSA collective action context," this Court joins those that have found it to be appropriate because "of the prevalence of e-mail as a form of communication." *See Hudgins*, 2016 WL 7426135, at *6.

Defendants also object to the use of e-mail in conjunction with regular U.S. mail because they believe it would be duplicative. Defendants' Response, [ECF No. 46 at 4]. Again, the Court overrules Defendants' objection as other courts have permitted notification by both methods. *See, e.g., id.*

**6. Reminders.**

Plaintiff requests that a reminder mailing and a reminder e-mail be sent half-way through the notice period. Plaintiff's Reply, [ECF No. 47 at 3]. Defendants object because sending a reminder "can . . . imply[] a form of official encouragement to opt-in." Defendants' Response, [ECF No. 46 at 4]. Courts in this district have split over the practice of sending reminders. *Compare Knox*, 2016 WL 4943825, at *8; *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 844 (N.D. Ill. 2016) *with Hudgins*, 2016 WL 7426135, at *6; *Campeau v. NeuroScience, Inc.*, 86 F. Supp. 3d 912, 919 (W.D. Wis. 2015); *Schroeder v. Humana Inc.*, 2012 WL 5931886,

12

at *9 (E.D. Wis. Nov. 27, 2012); *Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 753–54 (N.D. Ill. 2010).

Because the Court is permitting Plaintiff to issue notice in multiple forms, including those discussed below, the Court concludes that a reminder is not necessary in this case. If Plaintiff learns of evidence that the authorized methods of issuing notice are ineffective and has reason to believe that sending a reminder will address that deficiency, he should so inform the Court and this issue can be revisited. *See Hudgins*, 2016 WL 7426135, at *6 ("Absent any evidence that notice via first-class mail and e-mail is ineffective, these additional forms of notice are unnecessary and overly intrusive.").

### 7. **Posting of notice.**

Plaintiff requests that the Court order Defendants to post the notice of lawsuit form that the Court ultimately approves at their restaurant at 201 Grand Avenue, Chicago, Illinois. Plaintiff's Reply, [ECF No. 47 at 3]. Defendants object, saying that doing so would be "duplicative, unnecessary and, moreover, improper as to those employees who are not 'similarly situated employees to the Plaintiff.'" Defendants' Response, [ECF No. 46 at 4]. Posting a notice in an employee-only section of the employer's business is a "classic method[] of notification in FLSA cases." *Ries v. Planesphere, Inc.*, 2016 WL 6277466, at *3 (N.D. Ill. Oct. 27, 2016); *see also Frebes v. Mask Restaurants, LLC*, 2014 WL 1848461, at *7 (N.D. Ill. May 8, 2014) ("We concur with this approach and will allow Plaintiffs to post notice so that it is in a visible place for conditional class members to view."). Therefore, Defendants' objection is overruled.

### 8. **Payroll notice.**

Plaintiff requests that the Court order Defendants to include the approved notice of lawsuit form in its employees payroll envelopes. Plaintiff's Reply, [ECF No. 47 at 3]. Courts in

this circuit have split over whether such a method of issuing notice is appropriate. *Compare Curless v. Great Am. Real Food Fast, Inc.*, 280 F.R.D. 429, 437 (S.D. Ill. 2012) *with Torres v. Nation One Landscaping, Inc.*, 2014 WL 5350440, at *2 (N.D. Ill. Oct. 21, 2014); *Garcia v. Salamanca Grp., Ltd.*, 2008 WL 818532, at *5 (N.D. Ill. Mar. 24, 2008). In this case, the Court believes the issuance of notice via regular U.S. mail, e-mail, and the posting of the notice of lawsuit at Defendants' place of business is adequate to provide notice to Defendants' current employees. In light of these other methods of issuing notice, the Court is not convinced that any incremental benefit to be derived from requiring Defendants to distribute the notice in employees' payroll envelopes is sufficient to justify the additional intrusion.

### 9. Contact information.

Plaintiff requests that Defendants produce, within seven days of this Memorandum Opinion and Order, an Excel spreadsheet providing the following information for all of their employees during the time period specified in the definition of the collective action class: (1) names, (2) last known mailing addresses, (3) last known e-mail addresses, (4) position(s) or job title(s) held, and (5) dates of employment. Plaintiff's Motion, [ECF No. 36 at 7]. Defendants do not address this issue. Therefore, the Court orders Defendants to produce this information in an Excel spreadsheet to Plaintiff on or before June 12, 2017.

### 10. Communications.

Plaintiff requests that the Court "bar Defendants from engaging in any and all forms of communication to prospective class members concerning the merits and issues of their FLSA claims and bar Defendants from securing any waivers or release of the putative plaintiffs' FLSA claims." Plaintiff's Reply, [ECF No. 47 at 3]. Plaintiff does not cite any case law approving such limitations or explain why they are justified in this case. "An order seeking to bar or limit

communications between a party and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Flores*, 289 F. Supp. 2d at 1047; *see also Piekarski v. Amedisys Illinois, LLC*, 4 F. Supp. 3d 952, 955 (N.D. Ill. 2013); *Dominguez v. Don Pedro Rest.*, 2007 WL 1650289, at *1 (N.D. Ind. June 1, 2007); *O'Brien v. Morse*, 2002 WL 1290392, at *2 (N.D. Ill. June 11, 2002). In this case, Plaintiff has not claimed Defendants have engaged in any misconduct when communicating with any current or former employee about this lawsuit. The record now before the Court consists of the parties' somewhat skeletal filings in connection with Plaintiffs' motion. The record simply is not developed enough to permit the type of findings necessary to grant the relief that Plaintiff requests. Therefore, the Court declines to restrict Defendants' interactions with putative members of the collective action in the manner that Plaintiff requests.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Class Certification and Approval of Notice Pursuant to 29 U.S.C. § 216(b) [ECF No. 36] is granted in part and denied in part. As should be clear from the above discussion, Plaintiff is not authorized to issue notice to putative members of the collective action until all the issues discussed above have been addressed.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 18, 2017

15