IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANTIAGO GONZALEZ, individually and on behalf of other employees similarly situated, ) ) ) ) ) | |
| Plaintiff, ) ) | No. 16-cv-5120 |
| v. ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| J. SALERNO & SON, INC., d/b/a SALERNO'S; JOSEPH SALERNO; MARIA SALERNO; PETER LIA; and VICTORIA LIA, ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Santiago Gonzalez, individually and on behalf of other employees similarly situated, has sued Defendants J. Salerno & Son, Inc., Joseph Salerno, Maria Salerno, Peter Lia, and Victoria Lia (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 et seq. On May 18, 2017, the Court certified that this action can proceed as a collective action under Section 216(b) of the FLSA, 29 U.S.C. § 201 et seq. [ECF No. 57]. Four individuals in addition to Plaintiff Santiago Gonzalez filed consents to join the collective action. [ECF Nos., 63, 64, 65]. This matter is now before the Court on Plaintiffs' Motion for Partial Summary Judgment [ECF No. 68]. All Plaintiffs join in this Motion. For the reasons stated below, Plaintiffs' Motion [ECF No. 68] is granted in part and denied in part.

# I. LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether there is a genuine issue of fact, a district court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). And the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, a court does not "evaluate the weight of the evidence, judge the credibility of witnesses or determine the ultimate truth of the matter" but rather "determine[s] whether there exists a genuine issue of triable fact." *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008) (citation omitted). The court cannot make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are

jobs for a factfinder. *Anderson*, 477 U.S. at 255; *Betaco, Inc. v. Cessna Aircraft Co.*, 32 F.3d 1126, 1138 (7th Cir. 1994); *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993). Rather, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court, therefore, must look at the evidence as a jury might, construing the record in the light most favorable to the nonmoving party and avoiding a temptation to decide which party's version of the facts is more likely true. *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999).

Local Rule 56.1 requires a party moving for summary judgment to submit a statement of material facts with "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts . . . ." Local Rule 56.l(a). Then, "the party opposing the motion for summary judgment is required to file and serve 'a concise response to the movant's statement that shall contain . . . a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting Local Rule 56.l(b)(3)(B)). Local Rule 56.1(b)(3)(C) also "requires specifically that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement . . . of any additional facts that require the denial of summary judgment.'" *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005) (quoting Local Rule 56.1).

The failure of a nonmoving party to abide by the requirements of Local Rule 56.1 carries significant consequences. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed

admitted for purposes of the motion." *Id.* Specifically, the responding party's failure "to cite to any admissible evidence to support facts presented in response" renders "the facts presented by the moving party as undisputed." *Id.* The purpose of the Local Rule 56.1 statement of facts is to identify the relevant evidence supporting the material facts that the moving party contends are undisputed, not to make factual or legal argument. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). A party's obligation to support its facts with evidence is mandatory, and the Seventh Circuit repeatedly has held that the district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000).

## II. RELEVANT FACTS

Defendant J. Salerno & Son, Inc., is a restaurant and pizzeria located in Chicago, Illinois.[1] Defendants Joseph Salerno, Maria Salerno, Peter Lia, and Victoria Lia each own 25% of the shares of the corporate Defendant, J. Salerno & Son, Inc. Defendants' Answer to Plaintiff's First Amended Complaint, [ECF No. 26], ¶¶13, 16, 19, 22; [ECF No. 69-1, at 25]. Defendant Maria Salerno is an officer of the corporate Defendant, J. Salerno & Son, Inc. Plaintiffs' L.R. 56.1 Statement of Uncontested Facts ("Plaintiffs' SoF"), [ECF No. 69], ¶5; Defendants' L.R. 56.1 Statement in Opposition to the Motion for Partial Summary Judgment ("Defendants' SoF"), [ECF No. 86-1], ¶5. Plaintiff Santiago Gonzalez was an employee of Defendant J. Salerno & Son, Inc. Plaintiffs' SoF, [ECF No. 69], ¶2; Defendants' SoF, [ECF No.

---

[1] This fact appears undisputed, although neither party explicitly indicated as such in their respective Local Rule 56.1 filings. For purposes of this Motion, the Court will treat this fact as undisputed.

4

86-1], ¶2. Consent Plaintiffs Alfredo Bonilla, Jonas W. Perkins, III, Jose Lopez, and Luis Ramos, also were employed by Defendant J. Salerno & Son, Inc. [ECF Nos. 63, 64, 65].[2]

During the time he worked for Defendant J. Salerno & Son, Inc., Plaintiff Santiago Gonzalez worked more than forty (40) hours per week. Plaintiffs' SoF, [ECF No. 69], ¶9; Defendants' SoF, [ECF No. 86-1], ¶9. With respect to the Consent Plaintiffs, Plaintiffs contend that Defendants "failed to pay their other employees who were in the class of employees who worked more than 40 hours per week, at the rate of one and a half (1-1/2) times their regular hourly rate for the hours they worked over 40 hours in a week." Plaintiffs' SoF, [ECF No. 69], ¶10. Defendants failed to respond properly to this statement of fact. Defendants' SoF, [ECF No. 86-1], ¶10. Accordingly, it is deemed admitted. L.R. 56.1(b)(3)(B); *Curtis*, 807 F.3d at 218. Further, the Court notes that in answering Plaintiffs' interrogatories, Defendants admitted that "employees who worked overtime were paid in cash for overtime hours worked at the regular time hourly salary." Defendants' Supplemental Answers to Certain Interrogatories, [ECF No. 69-1], p. 41, ¶3(j); Defendants' Answer to Plaintiff's First Amended Complaint, [ECF No. 26], ¶34.

There is no record of the payment of overtime wages to Defendants' employees. Plaintiffs' SoF, [ECF No. 69], ¶11. Again, Defendants do not respond properly to Plaintiffs' Local Rule 56.1 statement of fact that there is no record of the overtime payments. Defendants' SoF, [ECF No. 86-1], ¶11. Accordingly, this fact also is deemed admitted. L.R. 56.1(b)(3)(B); *Curtis*, 807 F.3d at 218. The majority of the overtime time cards were destroyed by Defendant Maria Salerno approximately one (1) week after cash payments were made to the employees.

---

[2] Again, these facts appear to be undisputed although, again, neither party addresses them in their summary judgment submissions. This finding as to the Consent Plaintiffs is without prejudice to Defendants' ability to challenge whether each of the Consent Plaintiffs was employed by Defendant J. Salerno & Sons, Inc. Note that this finding relates only to the fact of employment during the relevant time period and not to the number of hours any of these employees worked during that time.

Plaintiffs' SoF, [ECF No. 69], ¶5; Defendants' SoF, [ECF No. 86-1], ¶¶5; Defendants' Answers to Plaintiff's First Set of Supplemental Interrogatories, [ECF No. 69-1], p. 42, ¶¶a, e, p. 47, ¶a.

Throughout the relevant time period, Defendants Peter Lia and Victoria Lia were managers involved in the day-to-day operation of the restaurant and the supervision of employees. Plaintiffs' SoF, [ECF No. 69], ¶¶6, 7; Defendants' SoF, [ECF No. 86-1], ¶¶6, 7; Defendants' Answers to Interrogatories, [ECF No. 69-1], pp. 31–33, ¶¶7–8, 12. Defendant Maria Salerno acted as the restaurant's accounts payable/payroll clerk. Defendants' Answers to Interrogatories, [ECF No. 69-1], p. 31, ¶7. Defendants Maria Salerno, Peter Lia, and Victoria Lia each "had access to, and ability to alter, edit, and/or make changes" to employee time cards. Plaintiffs' SoF, [ECF No. 69], ¶¶5–7; Defendants' SoF, [ECF No. 86-1], ¶¶5–7; Defendants' Supplemental Answers to Certain Interrogatories, [ECF No. 69-1], p. 42, ¶13.

### III. DISCUSSION

This case is about whether Defendants properly paid Plaintiffs for overtime work they performed. Plaintiffs have moved for partial summary judgment as to the liability of the corporate Defendant, J. Salerno & Son, Inc., and the individual Defendants Joseph Salerno, Maria Salerno, Peter Lia, and Victoria Lia. Plaintiffs' Motion, [ECF No. 68], at 2, 6. Plaintiffs further ask that the Court find Defendants jointly and severally liable for any and all unpaid overtime wages due to Plaintiffs plus an equal amount as liquidated damages as provided in 29 U.S.C. § 216(b), Plaintiffs' attorney's fees, and any consequential and/or punitive damages. Plaintiffs' Motion, [ECF No. 68] at 2, 6. With the exception of Plaintiff Santiago Gonzalez, the record is silent as to whether or not the Consent Plaintiffs actually worked more than forty (40) hours per week during the relevant time period. The Court therefore analyzes this Motion for Partial Summary Judgment with respect to Plaintiff Santiago Gonzalez's claims only. Plaintiffs'

Motion for Partial Judgment [ECF No. 68] is denied without prejudice with respect to the Consent Plaintiffs until the record is more fully developed as to how many hours they worked in a given week.

### A. Liability of the Corporate Defendant, J. Salerno & Son, Inc., and the Individual Defendants, Maria Salerno, Peter Lia, and Victoria Lia

Plaintiffs first argue that Defendants J. Salerno & Son, Inc., Maria Salerno, Peter Lia, and Victoria Lia are "employers" under the FLSA and IMWL and are therefore jointly and severally liable for the amount of any unpaid overtime owed to Plaintiffs. Plaintiffs' Motion, [ECF No. 68], at 2, 6. Defendants do not dispute this in their briefing, and so the Court grants Plaintiffs' Motion for Partial Summary Judgment [ECF No. 68] on this issue with respect to Plaintiff Santiago Gonzalez.

### B. Liability of Defendant Joseph Salerno

Plaintiffs also seek to hold Joseph Salerno ("Salerno") jointly and severally liable with the other named Defendants as an "employer." Plaintiffs' Motion, [ECF No. 68], at 2, 4. "The FLSA contemplates several simultaneous employers who may be responsible for compliance with the FLSA." *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 784 (N.D. Ill. 2011). An individual may be liable under the FLSA when he is an "employer" and was responsible in whole or in part for the statutory violation. *In Kyu Kim v. Korean News of Chicago, Inc.*, 2017 WL 3034671, at *3 (N.D. Ill. July 18, 2017); *Schneider v. Cornerstone Pints, Inc.*, 2015 WL 12834755, at *1 (N.D. Ill. May 6, 2015), *supplemented*, 2016 WL 278813 (N.D. Ill. Jan. 15, 2016); *Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 823 (N.D. Ill. 2011); *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 785 (N.D. Ill. 2011).

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In evaluating whether

an individual is an employer, courts avoid overly "formalistic labels or common law concepts of agency." *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961)). Instead, "[c]ourts assess the 'economic reality' of the working relationship." *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065, 1075 (N.D. Ill. 2014). "No single factor is dispositive, nor are the mere facts of stock ownership or office status in an entity that employed the complaining employee enough to deem an individual an employer." *Cardenas v. Grozdic*, 67 F. Supp. 3d 917, 923 (N.D. Ill. 2014) (*citing Alvarez v. Downtown Food Enters., Inc.*, No. 10 C 4509, 2010 WL 5158122, at *2 (N.D.Ill. Dec. 13, 2010)). "[U]nexercised authority is insufficient to establish liability as an employer." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

The economic reality assessment encompasses a variety of factors, including "whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 778 (N.D. Ill. 2015) (quoting *Nehmelman v. Penn Nat. Gaming, Inc.*, 790 F.Supp.2d 787, 795 (N.D. Ill. 2011)) (internal quotation marks omitted). The individual liability analysis under the IMLW is materially the same for the purposes of the present case, and no party argues otherwise. *See Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 704 (N.D. Ill. 2016); *Ortega v. Due Fratelli, Inc.*, 2015 WL 7731863, at *5 (N.D. Ill. Dec. 1, 2015).

In *Solis v. International Detective & Protective Services, Limited*, the court analyzed whether two individual defendants, a father and a son, were individually liable for the FLSA violations committed by a corporate defendant who employed the plaintiffs. 819 F. Supp. 2d

8

740, 743 (N.D. Ill. 2011). The father controlled the operations of the corporation as its sole owner and president, and was responsible for payroll, accounting, and invoicing. *Id.* The son, who was the COO, managed the employees on a daily basis, overseeing work assignments, scheduling, hiring, firing, and pay. *Id.* The Court explained that, typically, "a corporate officer with operational control of a corporation's covered enterprise is . . . jointly and severally liable under the FLSA." *Id.* at 748; *see also id.* ("Corporate officers with significant ownership interests, day-to-day control of operations, and involvement in the supervision and payment of employees can be personally liable for the corporation's failure to pay owed wages."). The court ultimately held both father and son liable for the FLSA violations because of their leadership positions and their oversight roles in matters related to pay and employment practices. *Id.* at 749.

In support of their argument that Salerno is an "employer" under the FLSA, Plaintiffs point only to Salerno's designation as "president" of Defendant J. Salerno & Son, Inc., on the Illinois Secretary of State's website [ECF No. 69-1, at 23], and Form 1125-E of J. Salerno & Son, Inc.'s 2015 corporate tax returns [ECF No. 69-1, at 25], indicating that Salerno owns 25% of the common stock and devotes 100% of his time to the business. But these two documents are not dispositive. As discussed above, "economic reality looks to the substance of a person's control, not the title the person holds." *Dole v. Simpson*, 784 F. Supp. 538, 547 (S.D. Ind. 1991); *see also Cardenas*, 67 F. Supp. 3d at 923 (the "mere facts of stock ownership or office status" are insufficient to deem an individual an employer). Salerno has consistently denied having any involvement in the day-to-day operation of the restaurant. *See* Defendants' Answer to Plaintiffs' First Amended Complaint, [ECF No. 26], ¶13; Defendants' Answer to Interrogatories, [ECF No. 69-1], ¶7; Defendants' SoF, [ECF No. 86-1], ¶8. He has also submitted an affidavit attesting to

his lack of involvement in the business. Affidavit of Joseph Salerno, [ECF No. 86-2], ¶4. At this summary judgment stage, this affidavit is material and all inferences must be drawn in Defendants' favor.

It may be that Salerno's involvement is greater than he claims. But that decision cannot be made without weighing conflicting evidence, judging credibility, and adjudicating disputed material facts. *See Driver v. AppleIllinois, LLC*, No. 06 C 6149, 2012 WL 4175010, at *7 (N.D. Ill. Sept. 19, 2012). In determining whether summary judgment is warranted, courts do not make "credibility determinations, weigh evidence, or decide what inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (internal quotation and citation omitted). Construing the evidence before the Court in the light most favorable to Defendants, as the Court is required to do in the context of the present motion, the Court cannot find on this record that Plaintiffs have established as a matter of law that Salerno exercised such control over the decisions that gave rise to Plaintiffs' alleged FLSA and IMWL violations so as to make him personally liable as an "employer." Because a genuine issue of material fact exists as to Joseph Salerno's status as an "employer," Plaintiffs' Motion for Partial Summary Judgment [ECF No. 68] is denied with respect to the individual liability of Joseph Salerno.

### C. Liquidated Damages

Plaintiffs also demand liquidated damages. The FLSA provides for an award of liquidated damages in the amount equal to the unpaid overtime premium. 29 U.S.C. § 216(b). Liquidated damages are presumptively appropriate for FLSA violations. *Urnikis-Negro v. Am. Fam. Prop. Servs.*, 616 F.3d 665, 672 (7th Cir. 2010). The court may decline to award liquidated damages if the employer demonstrates that the failure to pay the overtime due was in good faith and the employer had reasonable grounds for believing that the failure was not a violation of

the FLSA. 29 U.S.C. § 260. Here, Defendants have not made such a showing. In fact, Defendants present no legal argument or facts that this good faith exception applies in order to overcome the presumption of liquidated damages. Defendants never even mention liquidated damages in their brief or argument opposing Plaintiffs' motion for summary judgment. Accordingly, Defendants J. Salerno & Son, Inc., Maria Salerno, Peter Lia, and Victoria Lia are jointly and severally liable for liquidated damages equal to the amount of unpaid overtime owed to Plaintiff Santiago Gonzalez. The amount of any actual and liquidated damages to be awarded will need to be proven-up separately.

### D. Plaintiffs' Attorney's Fees

The FLSA mandates that courts award a "reasonable attorney's fee" to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) ("The court in such action shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). As the prevailing party, Plaintiff Santiago Gonzalez is entitled to his reasonable attorney's fees. The amount of those fees will need to be proven-up at a later date.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment [ECF No. 68] is granted in part and denied in part.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 19, 2018

11