IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANTIAGO GONZALEZ, individually and )
on behalf of other employees similarly )
situated, )
)
                Plaintiff, )   No. 16-cv-5120
)
               v. )   Jeffrey T. Gilbert
)   Magistrate Judge
J. SALERNO & SON, INC., d/b/a )
SALERNO'S; JOSEPH SALERNO; MARIA )
SALERNO; PETER LIA; and VICTORIA )
LIA, )
)
                Defendants. )

## MEMORANDUM ORDER

This matter is now before the Court on Plaintiffs' Motion for Sanctions for Defendants' Destruction of Evidence [70]. In this motion, Plaintiffs seek to bar Defendants from introducing at trial any evidence regarding the amount of overtime hours any Plaintiff worked, and from contradicting any evidence that Plaintiffs submit regarding the amount of overtime they worked. For the reasons stated below, Plaintiffs' Motion for Sanctions [70] is denied.

As an initial matter, Plaintiffs cite no FLSA case in which a court has granted this kind of relief where the defendants did not maintain or preserve records sufficient to show the amount of overtime that the plaintiffs worked. Further, in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–88 (1946) (superseded by statute on other grounds as stated in *IBP, Inc. v. Alvarez*, 546 U.S. 21, 41 (2005)), the Supreme Court held that courts should apply a specific burden-shifting method of proof when confronted with an FLSA claim against an employer that has not kept sufficiently accurate records. Under *Anderson*, if an employer's inadequate records cause the plaintiff to have difficulty proving his damages, the plaintiff can meet his burden by showing the

"amount and extent of [his unpaid] work as a matter of just and reasonable inference." *See Anderson*, 328 U.S. at 687; *see also Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 595 (7th Cir. 2008) ("To place the burden on the employee of proving damages with specificity would defeat the purpose of the FLSA where the employer's own actions in keeping inadequate or inaccurate records had made the best evidence of such damages unavailable."). If the plaintiff satisfies this low burden, then the burden "shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inferences that can be drawn from the employee's evidence." *Anderson*, 328 U.S. at 687–88. If the employer fails to meet this burden, a court may award damages even though they are approximations. *Id.* at 688.

In this case, Defendants acknowledge that they destroyed many or even most of the overtime time cards filled out by their employees approximately one week after cash overtime payments were made to the employees. Provided that Plaintiffs are able to produce "sufficient evidence to show the amount and extent [of their overtime work] as a matter of just and reasonable inference," this destruction of the overtime time cards may very well significantly hinder Defendants' ability to meet their burden under *Anderson*. The Court will not at this time, however, bar Defendants from introducing <u>any</u> evidence they may have that could negative the inference to which Plaintiffs may be entitled or bar Defendants from contradicting any of Plaintiffs' evidence. Plaintiffs cite no authority that would entitle them to that relief. An evaluation of what evidence, if any, Defendants may seek to introduce to rebut Plaintiffs' evidence will be left to trial or to pretrial motion practice.

Finally, to the extent that Plaintiffs contend that Defendants continued to destroy the overtime time cards after this lawsuit was filed, the record is sparse in that regard. Conceivably,

2

intentional destruction of relevant evidence after a lawsuit is filed properly may merit an appropriate sanction. There is no basis in the present record, however, for the Court to grant Plaintiffs the relief they seek with respect to the alleged destruction of evidence after this lawsuit was filed. The Court can and will address that issue if or when the record is more fully developed in that regard.

For all of these reasons, Plaintiffs' Motion for Sanctions for Defendants' Destruction of Evidence [70] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 19, 2018